## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**BRANDON D. SCOTT**                                                                                    **PLAINTIFF**
**#208521**

**V.**                                    **NO. 4:22-cv-00739-LPR-ERE**

**YAKIMOVICZ,** *et al.*                                                                         **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.      Procedures for Filing Objections:**

This Recommendation for dismissal has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Rudofsky may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

**II.     Discussion:**

   **A.     Background**

Plaintiff Brandon D. Scott, a pre-trial detainee at the Pulaski County Detention Facility, filed this multi-plaintiff federal civil rights lawsuit *pro se* under 42 U.S.C.

§ 1983. *Doc. 2*. Pursuant to Court policy, each Plaintiff was allowed to pursue his claims in his own, individual case. Because Mr. Scott's complaint lacked critical information, the Court postponed screening and allowed him to file an amended complaint clarifying his constitutional claims. *Doc. 5*. Mr. Scott has now filed an amended complaint. *Doc. 6*.

Mr. Scott's amended complaint has been reviewed, as required by the Prison Litigation Reform Act. 28 U.S.C. § 1915A(a).[1] The undersigned recommends that Mr. Scott's amended complaint be dismissed based on his failure to state a plausible claim that his federal constitutional rights have been violated.

**B.   Standard**

To survive § 1915A screening, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a viable claim for relief; instead, a "claim has facial plausibility when the plaintiff

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); see also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

### C. Factual Allegations

In his amended complaint, Mr. Scott alleges the following. On June 16, 2022, Defendant Adamson served him "spoiled oatmeal" that made "most of the unit extremely ill with food poisoning that lasted a week." *Doc. 6 at 5*. Defendant Allen told him he would "make it right and send more food and never did." *Id*.

On June 20, 2022, Mr. Scott notified Defendant Yakimovicz, who knew about the problem and said it was the fault of kitchen staff member "Ken." *Id*. Still, "nothing [was] done." *Id*.

When Defendants Yakimovicz, Dyer, and Allen told "Ken" that the oatmeal had soured and had made people sick, Ken disagreed. *Id. at 6*. Ken "ate a big bowl while" they watched. *Id*.

Defendant Dyer also complained to Defendant Atwood the oatmeal had soured. "Still nothing was done." *Id*.

Between June 17 and June 27, Mr. Scott submitted four medical grievances, but never got a response or was taken to the infirmary. For four days, between June 16 until June 20, Mr. Scott was unable to keep "anything down." However, on the

week of June 25th, a nurse came to the unit, checked his weight and blood pressure, and gave him Tums and Gas X pills. *Id. at 6-7*.

On June 28, Defendant Nurse Stephanie Schuller examined Mr. Scott. Before this incident Mr. Scott weighed 175 pounds, but he only weighed 164.1 pounds when he was weighed on June 28. *Id. at 7*.

Mr. Scott complains that despite his "4 sick calls," Dr. Messersmith never examined him. *Id.*

For relief, Mr. Scott seeks money damages for pain and suffering. *Id. at 8*.

### D.     Deliberate Indifference

"[D]eliberate indifference is the appropriate standard of culpability for all claims that prison officials failed to provide pretrial detainees with adequate food, clothing, shelter, medical care, and reasonable safety." *Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006). Deliberate indifference to a prisoner's serious medical needs constitutes the unnecessary and wanton infliction of pain and violates the Constitution.[2] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (omitting quotations and

---

[2] As a pre-trial detainee, Mr. Scott's deliberate indifference claims are analyzed under the Fourteenth Amendment. As to his medical deliberate indifference claims, the Eighth Circuit has repeatedly "applied the same 'deliberate indifference' standard as is applied to Eighth Amendment claims made by convicted inmates." *Vaughn v. Greene Cty., Ark.*, 438 F.3d 845, 850 (8th Cir. 2006).
However, as to his conditions of confinement or non-medical claims, the Court recognizes that his burden to state a plausible Fourteenth Amendment claim is "lighter" than if he were a convicted person proceeding under the Eighth Amendment. In assessing his claims, the Court evaluates his conditions of confinement claims under the more favorable Fourteenth Amendment due process standard. *Morris v. Zfferi*, 601 F.3d 805, 809 (8th Cir. 2010); see also *Bell v. Wolfish*,

citation). An inadvertent or negligent failure to provide adequate medical care does not amount to deliberate indifference. *Johnson v. Leonard*, 929 F.3d 569, 575 (8th Cir. 2019) (explaining that deliberate indifference is more than negligence or gross negligence and requires culpability akin to criminal recklessness). Medical defendants can be held liable only if their actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Dulany*, 132 F.3d at 1240-1241 (citing *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

Again, Mr. Scott alleges that, although he notified Defendants Yakimovicz, Dyer, Allen, Atwood, and Adamson[3] that he had eaten spoiled oatmeal, they failed to do anything. In contradiction, Mr. Scott also says that: (1) Defendant Adamson notified Defendant Allen about the situation; and (2) Defendants Allen, Yakimovicz, and Dyer investigated the issue by approaching the food services worker, Ken. These allegations, if true, fall exceedingly short of implying a "highly culpable state of mind" required to state a deliberate indifference claim. *Hines v. Anderson*, 547 F.3d

---

441 U.S. 520, 535 n.16 (1979) (explaining that "[d]ue process requires that a pretrial detainee not be punished," while an inmate who has been convicted and sentence "may be punished, although that punishment may not be 'cruel and unusual' under the Eighth Amendment").

[3] In his original complaint, Mr. Scott stated that Officer Arrender failed to assist him. However, Mr. Scott does not reference Officer Arender in his amended complaint. The Court previously cautioned Mr. Scott that an amended complaint, if filed, will supersede or replace the current complaint. See *In re Atlas Lines, Inc*. 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect). Accordingly, Mr. Scott has abandoned his claims against Defendant Arender.

915, 920–21 (8th Cir. 2008). Based on Mr. Scott's allegations, Defendants, rather than being deliberately indifferent, actually investigated the issue.

Adamson and Ken are the only people alleged to have served Mr. Scott "spoiled" oatmeal. So, he has not stated a claim against Yakimovicz, Dyer, and Atwood, because they were not directly involved in giving him the spoiled food. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."). Again, all they allegedly did was investigate the issue, although not to Mr. Scott's satisfaction. Mr. Scott does not contend that anyone continued to serve him spoiled oatmeal. Thus, the fact that "nothing was done" is irrelevant.

Mr. Scott alleges that Allen said he would bring more food on June 16 but never did. This does not rise to the level of a constitutional claim.  Additionally, since Mr. Scott was unable to keep food down on that day, there would be no harm in Allen failing to bring more food.

As for Adamson and Ken, Mr. Scott alleges only one isolated incident of being served spoiled food. Courts repeatedly have held that this falls well below the standard to support a constitutional violation. *Wilson v. Holloway*, No. 5:18-CV-05039, 2018 WL 1161396, at *3 (W.D. Ark. Mar. 5, 2018) (dismissing a case where the plaintiff did "not allege he was routinely served contaminated food or that food was routinely prepared in a manner presenting an immediate danger to his health");

*Gates v. McJunkins*, No. 4:19-CV-4130, 2019 WL 6329637, at *3 (W.D. Ark. Nov. 26, 2019) ("Plaintiff's allegation that he was served contaminated food on a single occasion and became temporarily ill is insufficient to state a claim of constitutional dimension."); *Halfacre v. Kelly*, No. 5:15CV00302 JLH PSH, 2016 WL 554822, at *2 (E.D. Ark. Feb. 11, 2016). Additionally, Mr. Scott does not allege that Adamson or Ken knowingly served him "spoiled" oatmeal. In fact, he says that Ken did not think the oatmeal was spoiled, and, to make the point, ate it himself.

Mr. Scott also complains that he submitted grievances and sick calls on June 17, 21, 23, and 27, but no one responded to his grievances or took him to the infirmary. Yet, Mr. Scott admits that a nurse came to see him "the week of the 25th." *Doc. 6 at 7*. Still, the failure to respond to Mr. Scott's grievances on these few occasions is, at most, negligence. *Jones v. Vowell*, No. 6:18-CV-06030, 2019 WL 8051702, at *14 (W.D. Ark. Oct. 22, 2019), report and recommendation adopted in part, No. 6:18-CV-6030, 2020 WL 256520 (W.D. Ark. Jan. 17, 2020) ("Such a failure, on a single occasion, can amount to nothing more than negligence."). Furthermore, Mr. Scott alleges nothing more than inconvenience from being sick and missing meals. He missed the meals because he was sick, not because Defendants were refusing to provide him nutrition.

Mr. Scott alleges that on June 28, Defendant Schuller examined his stomach and gave him Tums and Gas-X. There are no allegations that she did anything to

violate his constitutional rights. Mr. Scott must allege "more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

Although Mr. Scott complains that Defendant Messersmith never examined him, he fails to allege that Defendant Messersmith was ever aware of his need for medical treatment. Without any such factual allegations, Mr. Scott fails to support a plausible claim for medical deliberate indifference. *Vaughn v. Gray*, 557 F.3d 904, 908 (8th Cir. 2009) (holding that a plaintiff must establish that "defendant *actually knew* of, but deliberately disregarded," his serious medical need) (emphasis added).

### III. Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Scott's claims be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2. The Court certify that, in the future, this dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g) and that an *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith.

3. The Clerk be instructed to close this case.

Dated this 30th day of September, 2022.

_____
UNITED STATES MAGISTRATE JUDGE